**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| WILLIAM FLOWERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 20-cv-06498 |
| v. | ) | |
| | ) | Judge Andrea R. Wood |
| RYAN STEC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff William Flowers filed this lawsuit on November 2, 2020, naming as defendants Chicago Police Officers Ryan Stec and Ted Jozefczak, "Unknown Chicago Police Officers," and the City of Chicago, and asserting claims pursuant to 42 U.S.C. § 1983 for false arrest and unlawful pretrial detention in violation of the Fourth Amendment. Five months later, in early April 2021, Flowers was granted leave to file his First Amended Complaint ("FAC"), which substituted Sergeant Peter Chambers as a defendant in place of "Unknown Chicago Police Officers." The Court subsequently dismissed the FAC without prejudice for failure to state a claim, after which Flowers filed a Second Amended Complaint ("SAC"). Sergeant Chambers has now filed a motion to dismiss the SAC pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that the claims against him are barred by the statute of limitations. For the reasons stated below, Sergeant Chambers's motion is granted in part and denied in part.

## BACKGROUND

For purposes of the motion to dismiss, the Court accepts the well-pleaded factual allegations in the SAC as true and draws all reasonable inferences from those facts in Flowers's

favor as the non-moving party. *See Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007). The SAC alleges as follows.

At around 9:49 a.m. on November 8, 2018, in the vicinity of Springfield Avenue and Roosevelt Road in Chicago, Illinois, Sergeant Chambers and Officer Stec detained and arrested Joseph Allen, who had purchased two bags of heroin. (SAC ¶ 6, Dkt. No. 35.) Shortly thereafter, at 10:08 a.m., Sergeant Chambers and Officer Stec detained and arrested Flowers near 3906 West Roosevelt Road. (*Id.* ¶ 7.) Flowers alleges that he was detained and arrested despite the fact that he had not committed any crime or violated any law. (*Id.*) No narcotics were recovered from Flowers, nor did Allen tell the officers that he had purchased or obtained narcotics from Flowers. (*Id.* ¶¶ 8–9.) Nevertheless, Sergeant Chambers and Officer Stec completed sworn reports stating that Flowers "owned" narcotics that had been recovered from a vacant lot. (*Id.* ¶ 10.) Furthermore, both officers lied to prosecutors and fabricated sworn police reports and criminal complaints stating that Officer Jozefczak had observed Flowers selling narcotics to Allen and other individuals. (*Id.* ¶ 11.) Based on this information, Flowers was charged with multiple Class X felonies in Cook County. (*Id.*)

On December 6, 2018, in an unspecified criminal proceeding related to Flowers's case, Officer Stec testified that, after Allen was placed into custody, Officer Jozefczak (who was the surveillance officer) moved the surveillance to the 3900 block of West Grenshaw Avenue, where Officer Jozefczak observed Flowers involved in two transactions during which he retrieved narcotics from a vacant lot at 3853 West Grenshaw Avenue. (*Id.* ¶ 12.) On July 22, 2019, a Cook County Circuit Court Judge held a hearing to determine whether Officer Jozefczak's surveillance location should be shared with Flowers's attorneys. (*Id.* ¶ 13.) At that hearing, neither Officer Chambers nor Officer Jozefczak testified that surveillance had been moved to the 3900 block of

West Grenshaw Avenue. (*Id.* ¶ 15.) After the hearing, the Cook County State's Attorney's Office dismissed the criminal charges against Flowers. (*Id.* ¶ 16.)

On November 2, 2020, Flowers brought this suit against Officer Stec, Officer Jozefczak, "Unknown Chicago Police Officers," and the City of Chicago, claiming false arrest and unlawful pretrial detention in violation of the Fourth Amendment. The City of Chicago and Officers Stec and Jocefczak subsequently filed a motion to dismiss. (Dkt. No. 8.) While that motion was pending, Flowers was able to identify Sergeant Chambers as one of the previously unknown officers and sought leave to file an amended complaint that would substitute him as a defendant. (Dkt. No. 16.) The motion was granted on April 7, 2021. (Dkt. No. 20.) The Court then considered the previously submitted and fully-briefed motion to dismiss—which Sergeant Chambers joined (Dkt. No. 25)—as directed toward Flowers's FAC, granted the motion, and dismissed the FAC without prejudice for failure to state a claim. (Dkt. No. 31.) Flowers subsequently filed the SAC, which includes additional allegations against Officer Stec, Officer Jocefczak, Sergeant Chambers, and the City of Chicago. (Dkt. No. 35). Chambers's present motion to dismiss followed. (Dkt. No. 36.)

## DISCUSSION

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual allegations, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). But "the statute of limitations is an affirmative defense . . . [and] complaints need not anticipate and

3

attempt to plead around defenses." *United States v. N. Tr. Co.*, 372 F.3d 886, 888 (7th Cir. 2004). Thus, it is "irregular" to dismiss a complaint at the pleadings stage based on the statute of limitations. *Id.* However, there is an exception when "the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense, such as when a complaint plainly reveals that an action is untimely under the governing statute of limitations." *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005). Section 1983 provides a federal cause of action but it fails to set out a statute of limitations. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). As a result, federal courts apply the forum state's statute of limitations for personal-injury torts. *Id.* In Illinois, that statute of limitations is two years, *Owens v. Evans*, 878 F.3d 559, 563 (7th Cir. 2017).

### I.     False Arrest

Count I of the SAC asserts a claim for false arrest against Sergeant Chambers. To prove his false arrest claim, Flowers must show that he was arrested without probable cause. *Brooks v. City of Chicago*, 564 F.3d 830, 832 (7th Cir. 2009). Thus, "[t]he existence of probable cause to arrest is an absolute defense to any § 1983 claim against a police officer for false arrest." *Abbot v. Sangamon County*, 705 F.3d 706, 713 (7th Cir. 2013).

The statute of limitations for a false arrest claim accrues once the plaintiff has been detained. *Regains v. City of Chicago*, 918 F.3d 529, 533 (7th Cir. 2019). Here, Flowers alleges that he was detained on November 8, 2018. (SAC ¶¶ 6–7.) Thus, the statute of limitations expired two years later on November 8, 2020. Yet Flowers did not seek leave to file the FAC to assert a claim against Sergeant Chambers until March 24, 2021. Accordingly, Flowers's false arrest claim against Sergeant Chambers would appear to be untimely based on the face of the SAC. Nonetheless, Flowers offers three reasons why this Court should allow the claims against

Chambers to proceed: (1) the relation-back doctrine, (2) the law of the case doctrine, and (3) equitable tolling.

### A.    Relation-Back Doctrine

Flowers first invokes the relation-back doctrine. Under Federal Rule of Civil Procedure 15(c), an amended pleading that changes or adds a party against whom a claim is asserted relates back to the date of the original pleading if the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading, and the party to be added (1) received such notice of the action that it will not be prejudiced in defending on the merits, and (2) knew or should have known that the action would have been brought against it but for a mistake concerning the proper party's identity. Fed. R. Civ. P. 15(c)(1)(C).[1]

The relation-back doctrine stands for the principle that "[a] potential defendant who has not been named in a lawsuit by the time the statute of limitations has run is entitled to repose— unless it is or should be apparent to that person that he is the beneficiary of a mere slip of the pen, as it were." *Joseph v. Elan Motorsports Techs. Racing Corp.*, 638 F.3d 555, 560 (7th Cir. 2011). Thus, in considering a relation-back argument involving a newly added party, a court must assess, "[first,] whether the defendant who is sought to be added by the amendment knew or should have known that the plaintiff, had it not been for a mistake, would have sued him instead or in addition to suing the named defendant; and second, whether, even if so, the delay in the plaintiff's discovering his mistake impaired the new defendant's ability to defend himself." *Id.* at 559–60. The existence of a "mistake" by the plaintiff has been construed as "a threshold requirement" in

---

[1] The Seventh Circuit has not determined whether federal or state law governs the relation-back analysis in § 1983 cases, but it has found that "Illinois's relation-back rule is identical to the federal rule." *Springman v. AIG Mktg., Inc.*, 523 F.3d 685, 688 (7th Cir. 2008). Accordingly, for purposes of this opinion, the Court applies the relation-back doctrine under Federal Rule of Civil Procedure 15(c).

the relation-back analysis. *Pierce v. City of Chi.*, No. 09-cv-1462, 2010 WL 4636676, at *2 (N.D. Ill. Nov. 8, 2010) (citing *King v. One Unknown Fed. Corr. Officer*, 201 F.3d 910, 914 (7th Cir. 2000) and *Baskin v. City of Des Plaines*, 138 F.3d 701, 704 (7th Cir. 1998)). Without a mistake on behalf of the plaintiff, whether a defendant knew or should have known that an action would have been brought against him is of no concern. *Pierce*, 2010 WL 4636676, at *2.

Here, Flowers named "Unknown Chicago Police Officers" as defendants in his first complaint. Knowingly suing a "nominal placeholder," however, does not constitute a "mistake" for purposes of the relation-back doctrine. *Herrera v. Cleveland*, 8 F.4th 493, 495, 499 (7th Cir. 2021). As the Seventh Circuit has explained, a plaintiff who names "John Doe" as a defendant "because he does not know who harmed him" has not committed a mistake. *Hall v. Norfolk S. Ry. Co.*, 469 F.3d 590, 596 (7th Cir. 2006). To the contrary, naming a nominal placeholder like "John Doe"—or, in this case, "Unknown Chicago Police Officers"—is "an intentional and informed decision [that] cannot amount to a mistake." *Herrera*, 8 F.4th at 498; *see also Baskin*, 138 F.3d at 704 (declining to find that the plaintiff's amended complaint related back to the original complaint where the original complaint named "unknown police officers" because the plaintiff "simply did not know the[ir] identity"); *Montanez v. Town of Highland*, No. 2:19-CV-208-TLS, 2020 WL 6728961, at *3 (N.D. Ind. Nov. 13, 2020) (finding that naming "Unknown Police Officers" in original complaint was not a mistake that would allow relation back). Put differently, a plaintiff who names a nominal placeholder does not commit a mistake by not knowing what he does not know; rather, a plaintiff who names a nominal placeholder defendant ***knows*** what he does not know. *Herrera*, 8 F.4th at 498.

Similarly, Flowers did not commit a mistake when he named "Unknown Chicago Police Officers" as defendants in his original complaint. Although he argues that he used that

placeholder because he lacked sufficient knowledge about the actual violators, that does not change the fact that "Unknown Chicago Police Officers" was intended to serve as a stand-in until he could identify the officers who actually harmed him. While Flowers contends that the Supreme Court's decision in *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, (2010), allows him to use placeholders in this manner, the Seventh Circuit in *Herrera* made clear that "*Krupski* neither overruled nor undermined our circuit's treatment of the John Doe issue." *Herrera*, 8 F.4th at 499. Rather than raising a "John Doe" issue, *Krupski* concerned a plaintiff who did not know that she had named the incorrect defendant in a situation involving a parent company and its subsidiaries. The plaintiff in *Krupski*, unlike Flowers, did not make a "deliberate choice to sue one party instead of another while fully understanding the factual and legal differences between the two parties." *Id.* at 549.

Without a mistake by Flowers, the new claims in the FAC do not relate back to the original complaint. Accordingly, the relation-back doctrine does not save Flowers's claims against Sergeant Chambers.

### B. Law of the Case Doctrine

Flowers next invokes the law of the case doctrine, contending that the Court already determined that his false arrest claim was not time-barred when it granted Flowers's motion for leave to file the FAC.

The law of the case doctrine "posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Kovacs v. United States*, 739 F.3d 1020, 1024 (7th Cir. 2014) (internal quotation marks omitted). Absent a compelling reason, "a single court should not revisit its earlier rulings" so as to "further consistency, to avoid constantly revisiting rulings, and to conserve judicial resources." *Sharp*

*Elecs. Corp. v. Metro Life Ins. Co.*, 578 F.3d 505, 510 (7th Cir. 2009). But the law of the case doctrine applies only if the judge actually issued a decision on the issue; "[i]f no such ruling was made, then the parties could have no 'rightful expectation' going forward and law of the case principles present no barrier." *Gilbert v. Ill. State Bd. of Educ.*, No. 05 C 4699, 2008 WL 4390150, at *5 (N.D. Ill. Sept. 24, 2008). And here, the Court did not rule on the timeliness of Flowers's false arrest claim against Sergeant Chambers when it granted leave to file the FAC. Flowers's motion requested only that the Court allow him to amend his complaint. And the Court's order granting that motion ruled only that "Plaintiff's motion for leave to file Plaintiff's first amended complaint . . . [was] granted." (Dkt. No. 17.) Neither the parties nor the Court addressed the statute of limitations in connection with Flowers's request for leave to file the FAC.

In short, given that the Court has not previously addressed the statute of limitations issue, the law of the case doctrine does not apply to save Flowers's false arrest claim against Sergeant Chambers.

### C.    Equitable Tolling

Lastly, Flowers argues that the statute of limitations for his false arrest claim against Sergeant Chambers should be deemed equitably tolled due to the COVID-19 pandemic. "Equitable tolling permits a plaintiff to avoid the bar of the statute of limitations if despite the exercise of all due diligence he is unable to obtain vital information bearing on the existence of his claim." *Shropshear v. Corp. Counsel of City of Chicago*, 275 F.3d 593, 595 (7th Cir. 2001). "A [plaintiff] is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Socha v. Boughton*, 763 F.3d 674, 683 (7th Cir. 2014) (internal quotation marks

omitted). Due to this high standard, "[e]quitable tolling is rarely granted." *See Tucker v. Kingston*, 538 F.3d 732, 734 (7th Cir. 2008).

Flowers has not met the high standard for equitable tolling here. Surely, the COVID-19 pandemic constituted an extraordinary circumstance for society at large, but "the mere existence of the coronavirus pandemic does not warrant equitable tolling." *Coffey v. City of Freeport*, No. 3:21-CV-50336, 2022 WL 1404750, at *2 (N.D. Ill. May 4, 2022). And Flowers does not explain how the pandemic prevented ***him*** from filing a timely amended complaint with claims against Sergeant Chambers. *See, e.g.*, *McGee v. Dennison*, No. 20 C 3652, 2021 WL 4745664, at *3 (N.D. Ill. Sept. 30, 2021) (finding no valid basis for equitable tolling where the plaintiff offered "no explanation or evidence for how COVID-19 . . . prevented him from filing in a timely manner"). While Flowers points to orders regarding COVID-19 protocols issued by the Chief Judge of the Northern District of Illinois, none of those orders shut down court operations or excused or prevented parties from making filings. While Flowers contends that other defendants in this case were delayed in producing discovery—thereby hindering Flowers's ability to file the FAC sooner—he offers only conclusory statements in support of his claim. Without more, Flowers's claimed reasons for his delay in naming Sergeant Chambers as a defendant do not rise to the level of "extraordinary circumstances" as required for equitable tolling. *See Tucker*, 538 F.3d at 734.

As Flowers has failed to show that an extraordinary circumstance stood in his way and prevented him from making a timely filing, the Court need not determine whether he pursued his rights diligently. Furthermore, as all three of his proffered bases for allowing his late-filed claim fail, Flowers's false arrest claim as to Sergeant Chambers must be dismissed as untimely. Sergeant Chambers's motion to dismiss is therefore granted as to Count I.

## II.     Unlawful Pretrial Detention

Count II of the SAC asserts a claim against Sergeant Chambers for unlawful pretrial detention. A claim for unlawful pretrial detention "rests on the fundamental Fourth Amendment principle that a pretrial detention is a 'seizure'—both *before* formal legal process and *after*—and is justified only on probable cause." *Lewis v. City of Chicago*, 914 F.3d 472, 476–77 (7th Cir. 2019) (citing *Manuel v. City of Joliet*, 137 S. Ct. 911, 918 (2017)). Judicial determinations of probable cause are presumed valid, although "falsifying the factual basis for a judicial probable-cause determination violates the Fourth Amendment." *Lewis*, 914 F.3d at 477. As with the false arrest claim, Sergeant Chambers argues that the unlawful pretrial detention claim against him is time-barred.

The statute of limitations for an unlawful pretrial detention claim accrues when the detention ends. *Manuel v. City of Joliet, Illinois*, 903 F.3d 667, 670 (7th Cir. 2018). Notably, the SAC is silent as to when Flowers was released from pretrial detention, and the parties disagree on the relevant date. For his part, Flowers contends that he was released from detention on July 22, 2019. With the two year statute of limitations, a release date of July 22, 2019 would mean that Flowers had until July 22, 2021 to file his unlawful pretrial detention claim against Sergeant Chambers. By contrast, Sergeant Chambers claims that Flowers's claim accrued months earlier on November 9, 2018. In arguing for the earlier accrual date, Sergeant Chambers contends that Flowers was released from Cook County Jail on bond on November 9, 2018, but he was then admitted to Pickneyville Correctional Center on November 13, 2018 for violating the terms of his mandatory supervised release in connection with a separate conviction. Using Sergeant Chambers's accrual date of November 9, 2018, the statute of limitations for Flowers's unlawful

10

pretrial detention claim would have run by November 9, 2020—well before the FAC was filed in 2021.

In support of his position, Sergeant Chambers asks the Court to take judicial notice of the fact that Flowers was released from pretrial detention on November 9, 2018, not July 22, 2019. Indeed, at the motion to dismiss stage, the Court may consider "the allegations set forth in the complaint itself, documents that are attached to the complaint, documents that are central to the complaint and are referred to in it, and information that is properly subject to judicial notice." *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013). Furthermore, "[a] court may take judicial notice of an adjudicative fact that is both 'not subject to reasonable dispute' and either 1) 'generally known within the territorial jurisdiction of the trial court' or 2) 'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'" *Gen. Elec. Cap. Corp. v. Lease Resol. Corp.*, 128 F.3d 1074, 1081 (7th Cir. 1997) (quoting Fed. R. Evid. 201(b)). But judicial notice "substitutes the acceptance of a universal truth for the conventional method of introducing evidence." *Id.* Therefore, the tool should be approached cautiously. *Id.* And while the contents of court records may be a proper subject of judicial notice in some circumstances, the "application of a previous finding to a latter proceeding must be beyond reasonable dispute." *Id.* at 1083.

Sergeant Chambers attaches various public court records to his motion to dismiss and asks the Court to draw from them the conclusion that Flowers was released from detention on November 9, 2018. But those documents do not provide enough information for the Court to take judicial notice that Flowers was released on that date. For example, though Sergeant Chambers offers the November 9, 2018 Order for Special Conditions of Bail as to Flowers, that document does not definitively state that Flowers was released on November 9, 2018. (Mot. to Dismiss, Ex.

1, Order for Special Conditions of Bail, Dkt. No. 36-1.) Likewise, the Illinois Department of Corrections inmate search report that Sergeant Chambers attached to his motion indicates only that Flowers was admitted to Pickneyville Correctional Center on November 13, 2018. (Mot. to Dismiss, Ex. 2, IDOC Inmate Search, Dkt. No. 36-2.) And the Register of Actions as to Flowers states that he was released on an I-Bond on November 9, 2018, but it also states that he remained in custody from that date forward. (Mot. to Dismiss, Ex. 3, Register of Actions, Dkt. No. 36-3.)

These documents, by themselves, do not establish beyond reasonable dispute that Flowers was released from pretrial detention for the later-dismissed drug charges on November 9, 2018. For instance, the documents do not affirmatively state at what point Flowers was detained based on the drug charges related to the events in this case as opposed to being detained in connection with the mandatory supervised release violation connected to his prior conviction. (If the same information from the defendant police officers was used to support both the allegedly unlawful pretrial detention and Flowers's detention for violating his mandatory supervised release, the chain of events becomes even less clear.) Nor do the records show Flowers's status between the time when he was released on an I-Bond and when he was admitted to Pickneyville Correctional Center. Sergeant Flowers offers no affidavit or other testimony to provide explanation or context for the contents of the documents, presumably because such evidence could not be considered in connection with a Rule 12(b)(6) motion. But without that evidence, the Court cannot draw the conclusion that Sergeant Chambers asks to be drawn. For these reasons, the Court declines to rely on the proffered court records to take judicial notice that Flowers was released from pretrial detention on November 9, 2018.

Without taking judicial notice of Sergeant Flowers's preferred release date, the Court finds no basis to conclude at this early stage in the proceedings that the statute of limitations for

Flowers's unlawful pretrial detention claim started to run on November 9, 2018. As the accrual date for Flowers's unlawful pretrial detention claim cannot be definitively determined, Sergeant Chambers's motion to dismiss that claim as time-barred must be denied.

## CONCLUSION

For the foregoing reasons, Sergeant Chambers's motion to dismiss (Dkt. No. 36) is granted in part and denied in part. The motion is granted as to the false arrest claim against Sergeant Chambers in Count I, which is dismissed with prejudice, and it is denied as to the unlawful pretrial detention claim against him in Count II.

ENTERED:

Dated: January 2, 2023

_____
Andrea R. Wood
United States District Judge